S. P. SHOTTER CO. v. LARSEN et al.

(Circuit Court of Appeals, Fifth Circuit. January 17, 1905.)

No. 1,391.

1. APPEAL—MATTERS REVIEWABLE—CONSOLIDATION OF SUITS.

Where cross-suits between the same parties, one in the Circuit Court and one in the District Court in admiralty, were by agreement tried together on the same evidence, but separate judgments were entered in each court, a subsequent order of the trial judge finding that the causes were consolidated into the admiralty case is not sufficient to effect a nunc pro tunc consolidation, and the judgment which remained of record in the Circuit Court is not reviewable on an appeal taken in the admiralty suit.

2. SAME—WAIVER OF ERROR.

Although a decree dismissing a libel in admiralty by a charterer to recover damages for breach of charter party was erroneous, it cannot be reversed, further than to award costs to the libelant, where with his acquiescence a portion of the damages claimed by him were proved and allowed as a set-off in a cross-action brought against him by the owners in another court, and no proceedings have been prosecuted to review the judgment in such action.

Appeal from the District Court of the United States for the Southern District of Georgia.

For opinion below, see 129 Fed. 945.

On September 1, 1902, J. A. Larsen and others, owners of the Norwegian ship Hercules, instituted a common-law action against the S. P. Shotter Company in the city court of Savannah, Ga., to recover $5,000 alleged damages occasioned by the refusal of the S. P. Shotter Company to load the Hercules at the port of Savannah between the 3d and 30th of December, 1901; the claim being that the said ship was ready for loading under charter party on said dates. On the 6th day of November, 1902, by proceedings duly had, the said action was removed into the Circuit Court of the United States for the Eastern Division of the Southern District of Georgia. On the 20th day of November, following, the S. P. Shotter Company filed a plea and answer to the said action, and thereafter on December 5, 1902, the Hercules then being in the port of Savannah, the S. P. Shotter Company caused the Hercules to be seized under a libel in rem for a breach of said charter party in deviating from her course and unreasonably delaying her arrival at said port of Savannah, thereby necessitating the hiring of another vessel to carry the cargo designed for her and frustrating the object of her charter; the damages being named at $1,000.00. The master of the Hercules, in behalf of owners, made claim for the said ship, and on December 16, 1902, the owners filed an answer to the libel. Thereafter evidence was taken, which was agreed by counsel might be used in either case—the libel suit in the District Court and the common-law suit in the Circuit Court. Following this, we find in the transcript the following entry, but without date, probably March 8, 1904:

"Testimony before the Court.

"In the District Court of the United States for the Eastern Division of the Southern District of Georgia.

"J. A. Larsen & Co., Owners of the Ship Hercules, v. The S. P. Shotter Company.

"U. S. Circuit Court, Removed from City Court of Savannah.

"The S. P. Shotter Company v. The Ship Hercules, Etc.

"U. S. District Court, In Admiralty. Libel.

"Consolidated and tried together before Judge Emory Speer, without jury, by consent of attorneys.

"Mr. Adams: The first cause was brought by Larsen & Co., owners of the Hercules, against the Shotter Company, in the city court. That cause was

134 F.—45

removed to this court. Subsequently Shotter Company filed a libel in rem against the Hercules in this court. The question is, who is entitled to go forward? I suppose we do, as we brought the first case—the Larsen case.

"Mr. Owens: I do not know that that gives him the right to go forward. The Larsen case was removed from the city court. We brought the original case in this court in admiralty. I do not understand the fact that they filed suit in the state court, which was removed to this court, gives them the right to open the case.

"Judge Speer: Are the cases consolidated?

"Mr. Owens: We have agreed to try them both. By consent both cases are to be tried together, because the testimony is the same in both cases—the original case brought in this court in admiralty, and the other case is in the Circuit Court, removed from the city court of Savannah. * * *"

To an opinion filed by the District Judge on March 11, 1904, we find the following preamble:

"In the Circuit Court of the United States for the Eastern Division of the Southern District of Georgia.

"Removed from the City Court of Savannah.

"J. A. Larsen et al., Owners of the Ship Hercules, v. The S. P. Shotter Co.

"In the United States District Court for the Eastern Division of the Southern District of Georgia.

"In Admiralty. Libel, Etc.

"The S. P. Shotter Co. v. The Ship Hercules, Etc.

"By consent both cases were consolidated and heard before Judge Speer, sitting as judge of the Circuit Court and District Judge, without a jury.

"Samuel B. Adams, attorney for plaintiff in Circuit Court, and proctor for respondent in District Court.

"George W. Owens and Walter G. Charlton, attorneys for the S. P. Shotter Company, defendant in Circuit Court, and proctors for the same company, libelant in District Court.

"Opinion. March 11, 1904."

On the 17th day of March, 1904, the transcript shows a final judgment in the Circuit Court as follows:

"Final Judgment.

"In the U. S. Circuit Court for the Southern District of Georgia, E. D. Case Removed from the City Court of Savannah.

"J. A. Larsen et al., Owners of the Ship Hercules, v. S. P. Shotter Company.

"The above-stated cause having been heard by the court without a jury under the agreement of counsel, and it appearing that there is no dispute as to the amount of damages payable under the opinion of the court heretofore filed, and that the said damages amount to eight hundred and ninety (890) pounds sterling, it is now considered and ordered that the above-named plaintiffs, J. A. Larsen et al., do recover from the above-named defendant, the S. P. Shotter Company, the sum of four thousand and three hundred and twenty-five dollars and forty cents ($4,325.40), less the sum of three hundred and eighty-one dollars and four cents ($381.04), allowed to the said Shotter Company; that is to say, that the said plaintiffs do recover the sum of three thousand nine hundred and forty-four dollars and thirty-six cents ($3,944.36), with interest from date of suit in city court of Savannah, to wit, the 1st day of September, 1902.

"It is further considered and ordered that the said plaintiffs do recover all costs of court, to be taxed by the clerk.

"In open court, this 17th day of March, 1904.

"Emory Speer, Judge."

Indorsement: "In the U. S. Circuit Court for the Southern Dist. of Georgia, E. D. J. A. Larsen et al., Owners of the Ship Hercules, v. S. P. Shotter Co. Removed from the City Court of Savannah. Final Judgment. Filed March 17, 1904. S. F. B. Gillespie, Deputy Clerk. Adams & Adams. Davis Freeman."

On the same day the transcript shows the following entry of judgment in the District Court:

"Final Decree.

"In the U. S. District Court for the Southern District of Georgia, E. D. In Admiralty.

"S. P. Shotter Company, Libelant, v. Ship Hercules.

"In the above-stated admiralty cause, heard by consent with the common-law case between the same parties, it is considered and ordered that judgment be and the same is hereby given in favor of the above-named Hercules and its owners, and that the libelant, the above-named S. P. Shotter Company, do pay all costs of court, to be taxed by the clerk.

"In open court, this 17th day of March, 1904.

"Emory Speer, Judge."

Indorsed on back: "In the U. S. District Court for the Southern District of Georgia, Eastern Division. S. P. Shotter Company, Libelant, v. Ship Hercules, etc. In Admiralty. Final Decree. Filed March 17, 1904. S. F. B. Gillespie, Deputy Clerk. Adams & Adams. Davis Freeman. Recorded in Admiralty Record E, folio 147."

Thereafter, on May 17, 1904, the following petition was filed, to wit:

"In the District Court of United States for Southern District of Georgia, Eastern Division. In Admiralty. Libel in Rem.

"S. P. Shotter Company v. Bark Hercules, Her Tackle, Etc.

and

"In Fifth Circuit Court of United States for Southern District of Ga., Eastern Division. Damages under Charter Party.

"J. A. Larsen et al. v. S. P. Shotter Company.

"To the Honorable Emory Speer, as Judge of said Courts:

"The petition of the S. P. Shotter Company, libelant and defendant, respectively, in the above-entitled causes, respectfully shows:

"(1) That heretofore, to wit, on the eighth day of March, 1904, there were sounded for trial, no jury being present, the libel of S. P. Shotter Company against the bark Hercules, her tackle, furniture, et cetera, then pending in the District Court of the United States for the Southern District of Georgia, Eastern Division, and the case of J. A. Larsen and others, owners of the said bark Hercules, then pending in the Fifth Circuit Court of the United States for the Southern District of Georgia, Eastern Division, having been removed to that court by the defendant, the said S. P. Shotter Company, from the city court of Savannah.

"(2) That in order to save delay and expense, your honor, acting upon the conviction that the said causes had been consolidated, proceeded to try the same without the intervention of a jury.

"(3) That on March 11, 1904, your honor delivered an opinion, sounding in both cases, apparently in the District Court, which said opinion or decision recited such facts as seemed to your honor pertinent to the conclusion reached by your honor, but not referring to certain undisputed facts which upon another hearing may have a bearing upon the points involved. In this decision a decree was directed to be entered in consonance with findings of your honor, the decision being in favor of the said owners of the bark Hercules and against the said S. P. Shotter Company, although the damages proved by the latter in the admiralty proceeding were allowed by the way of set-off.

"(4) That upon the minutes of both courts it appears that this decision was filed on March 11, 1904, but as a matter of fact, as is shown by the entry on the decision itself, it was not filed until the following April term, and on the 21st day of April, 1904, although judgments were entered in both of said causes on March 17, 1904, against the said S. P. Shotter Company.

"(5) That whilst said decision was read by your honor on said March 11, 1904, it was not filed on that date, nor until the 21st of April, 1904; the said decision having been retained by your honor for correction.

"(6) That whilst doubtless intended to do so, the said decision as filed does not specially find the facts and the conclusions of law, and is not in shape to

be carried to the Circuit Court of Appeals, if the case was tried in the Circuit Court, although it is in shape for appeal if the causes were tried and determined in the admiralty case in the District Court.

"Wherefore your petitioner prays that a rule nisi be issued, to be directed to J. A. Larsen, H. Larsen, O. O. Rosland, Hans Andersen, O. M. Riis, Osten Olsen, J. H. Beck, Alf Gundersen, H. A. Tobiasen, and Charles H. Russ Company, as the claimants in the one cause, the plaintiffs in the other, and to be served upon their counsel of record, calling upon them to show cause why the said decision should not be so remodeled as to specially find the facts involved and the conclusions of law reached, in order that an appropriate bill of exceptions may be presented by your petitioner, and that in the meanwhile the time be extended until the further order of the court herein for the filing of a supersedeas bond. And your petitioner will ever pray, etc.

"G. W. Owens,
"Walter G. Charlton,
"Counsel and Proctors for S. P. Shotter Co."

A rule to show cause, as prayed for in said petition, was duly issued, and the petition seems to have been disposed of by the following:

"In the District Court of the United States for the Southern District of Georgia, Eastern Division.

"In Admiralty. Consolidated Cases Tried in District Court under Name of S. P. Shotter Company v. Ship Hercules, Her Tackle, Etc.
J. A. Larsen et al., Claimants.

"S. P. Shotter Company v. The Ship Hercules, Her Tackle, Etc.
J. A. Larsen et al., Claimants.
and
"J. A. Larsen et al. v. S. P. Shotter Company.

"Upon hearing the rule heretofore issued in the above matter, it is adjudged:

"(1) That the said causes were consolidated into the admiralty case of 'S. P. Shotter Company v. Ship Hercules, Her Tackle, Etc., and J. A. Larsen et al., Claimants,' and that any appeal which may be taken proceed in said name.

"(2) That the appeal is to be taken as from March 17, 1904, but by consent the appellant is hereby allowed 20 days beyond the regular time in which to present and take any appeal from the decree of the court herein; the filing of said appeal proceedings, if necessary to carry into effect this order, to be nunc pro tunc of a date within the time for appeal.

"(3) That any supersedeas bond given shall amply protect the appellees in the amount of their recovery.               Emory Speer, Judge."

Thereafter, on May 24, 1904, the following petition for appeal was filed:

"S. P. Shotter Company, Appellant, v. Ship Hercules, Her Tackle, Etc., and J. A. Larsen et al., Appellees.

"To the Honorable the United States Circuit Court of Appeals for the Fifth Circuit:

"The appeal of the above-named appellant respectfully shows: That on or about December 5, 1903, the above-named appellant, S. P. Shotter Company, a corporation of the state of West Virginia, exhibited its libel in the District Court of the United States for the Southern District of Georgia, Eastern Division, against the ship Hercules, her tackle, furniture, apparel, et cetera, and against all persons intervening for their interest in said vessel, for a cause of damage, civil and maritime, praying, among other things, for the reason set forth in said libel, that the said ship Hercules, her tackle, furniture, apparel, et cetera, and all persons claiming any right, title, or interest in said ship, might be condemned to pay the demands of said appellant, the damages and costs in said libel mentioned. That process issued out of said court, having been served on the said ship Hercules, her tackle, furniture, apparel, et cetera. J. A. Larsen, H. Larsen, O. O. Rosland, Hans Andersen, O. M. Riis. Osten Olsen, J. H. Beck, Alf Gundersen, H. A. Tobiasen, and Charles H. Russ Company, claimants, did on the ―――― day of December, 1903, as owners of said ship Hercules, her tackle, furniture, apparel, et cetera, file answer to

said libel in the said District Court, praying that said libel be dismissed, with their costs in that behalf, as by reference to said libel and answer will more fully appear. That the said cause came on to be heard before the Honorable Emory Speer, as judge of said District Court, on or about the 8th, 9th, and 10th days of March, 1904, and at the same time and consolidated therewith, and as a part of the same, there came on to be heard before the said judge of said District Court, a case of the said J. A. Larsen, H. Larsen, O. O. Rosland, Hans Andersen, O. M. Riis, Osten Olsen, J. H. Beck, Alf Gundersen, H. A. Tobiasen, and Charles H. Russ Company against said S. P. Shotter Company, brought by them as owners of said ship Hercules upon precisely the same issues; the said cases having been consolidated into the name of the said admiralty case and tried in the District Court before the judge thereof, in order to save expense and avoid delay. That the said consolidated cause being heard in said District Court as aforesaid, on the admiralty side thereof, the said judge, having advised thereon, delivered an opinion therein on March 11, 1904, wherein it was directed that a decree be entered in favor of the appellees and against the appellant for the sum claimed by said appellees to be due them, less the amount proved by the said appellant as damages, and that all costs be allowed against the appellant. That on March 17, 1904, the said appellees entered up a decree against the appellant, as directed in said opinion, in the principal sum of thirty-nine hundred and forty-four dollars and thirty-six cents, with interest from September 1, 1902, and a decree against said appellant for all costs. This appellant is advised and insists that the said decision and decrees are erroneous, inasmuch as this appellant was entitled to the damages and costs in said libel claimed and set forth, and that the said appellees were not entitled to the sum in said decree named, or to any other sum, from this appellant, or to any costs, and this appellant, for this and other reasons, appeals from the whole of said decision and decrees in favor of the appellees to the next United States Circuit Court of Appeals for the Fifth Circuit, at such place within its jurisdiction as it may be held; and on said appeal it intends to have said consolidated cause heard anew in the said United States Circuit Court of Appeals for the Fifth Circuit, on the pleadings and proof in the said District Court.

"And it prays that the record and proceedings may be returned to the United States Circuit Court of Appeals for the Fifth Circuit, and that said decrees may be reversed, and that such other decree may be made thereon as to the said United States Circuit Court of Appeals may seem just, and that the appellees may be condemned to pay to this appellant its damages and costs in the premises.                              George W. Owens,

"Walter G. Charlton,

"Proctors for Appellant."

On this petition was indorsed as follows: "Appeal allowed in open court this May 24, 1904. Emory Speer, District Judge."

Assignments of error and bond were duly filed, and the case thus brought here for review.

In appellant's brief we find the following: "The common-law case having been removed into the Fifth Circuit Court of the Southern District of Georgia, Eastern Division, by the appellant, and the issue involved in the two causes being the same, they were consolidated into the said admiralty cause then pending in the District Court of the Southern District of Georgia, Eastern Division, and disposed of by the judge thereof, who found for the appellees, although, as we will contend, allowing the claim of the appellant—a conclusion which should have disposed of the case in our favor. As it is, the net result of the decision is a judgment against the appellant for $3,944.36."

In appellees' brief we find: "The first case brought was by Larsen et al., as owner of the Hercules; this being the common-law action filed in the city court of Savannah on the 1st day of September, 1902. The answer of Shotter & Company to this action was filed after the removal, namely, on November 20, 1902. The libel in rem of the Shotter Company against the ship was filed in the District Court December 5, 1902. The two cases were consolidated and tried together before Judge Speer, without a jury, by consent of the attorneys."

On the hearing, on inquiry from the court, the counsel for both appellant

and appellees stated that no point was made upon the question of consolidation, and agreed that this appeal brought up all the merits.

Walter G. Charlton, for appellant.

Samuel B. Adams, for appellees.

Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

PARDEE, Circuit Judge, after stating the facts, delivered the opinion of the court.

We are not advised of any precedent or authority warranting the consolidation of suits pending in different courts of different jurisdictions; but, assuming for this case that an effective consolidation might have been ordered by the court and agreed to by the parties, the case shows that, up to and including the entry of the final judgment in the common-law case in the Circuit Court and the entry of the final decree on the libel in the District Court, there was, by the record, no consolidation of the two cases. The statements of counsel at the commencement of the hearing before Judge Speer amount to no more than an agreement to try the cases together. It appears that the judge inquired: "Are the cases consolidated?" The answer of counsel was: "We have agreed to try them both. By consent both cases are to be tried together, because the testimony is the same in both cases." The finding of the court in the order of appeal as follows: "It is adjudged that the said causes were consolidated into the admiralty case of 'S. P. Shotter Company v. Ship Hercules, Her Tackle, Etc., and J. A. Larsen et al., Claimants,' and that any appeal which may be taken proceed in said name"—and the judicial admissions of the parties in their briefs and at the bar seem to be ineffective and insufficient to work out a nunc pro tunc consolidation. It is to be noticed that by none of these was the judgment of the Circuit Court rescinded or made in any way the decree of the admiralty court, so as to be reviewed therewith.

From this it appears that the only questions we have before us on this appeal are those which arise in the admiralty case. From the pleadings and evidence therein, we find that there was a deviation in the voyage outlined in the charter party for the ship Hercules, and an unreasonable delay in reporting said ship to the libelant for cargo under the charter party. The evidence further shows that even if the ship was compelled, through strikes at Hamburg, to deviate and go to Porsgrund for repairs, she was there detained longer than was necessary to make the repairs resulting from her injuries at Tybee Bar, and that the occasion was taken advantage of to re-metal, caulk, re-treenail, and otherwise improve and rehabilitate the ship to meet the demands of the Norwegian authorities and retain her A 1 classification, all of which resulted in delay, to the injury of the libelant. It follows that, when the Hercules did report, the libelant had a right to refuse to accept her, treat the contract as broken, and recover the damages suffered by the owners' breach of the charter party. As to these damages, it appears by the record that, so far as proved, they were, through the acquiescence, if not the consent, of the libelant, allowed toward compensation of the judgment for the owners' damages allowed in the case at law. It does not seem that these damages should be twice allowed, and therefore it follows that,

so far as the case before us is concerned, the libelant was not entitled to recover damages, but was entitled to his costs, and the only logical decree for this court to render is to affirm the decree appealed from and award costs in both courts to the libelant; and it is so ordered.